SEAN P. FLYNN (SBN: 220184)
GORDON & REES LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

Attorneys for Defendant
THE CBE GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE MATTHEWS<br>Plaintiff,<br>vs.<br>THE CBE GROUP, INC.<br>Defendant. | CASE NO.<br>[Solano County Superior Court Case No. FCM143278]<br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)**<br>[Filed concurrently with Notice of Lodgment of State Court Pleading and Civil Case Cover Sheet]<br>Complaint Filed: October 7, 2014<br>Trial Date: None set |

///
///
///
///
///
///
///
///
///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant The CBE Group, Inc. (hereinafter referred to as "CBE") respectfully submits this Notice of Removal in this civil action from the Superior Court of the State of California for the County of Solano to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction. Specifically, plaintiff Jeannie Matthews asserts a claim for damages against CBE arising out of alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

In support of this Notice of Removal, CBE, through its counsel, states as follows:

**PROCEDURAL BACKGROUND**

1. Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Solano on October 7, 2014, styled *Jeannie Matthews v. The CBE Group, Inc.*, Case No. FMC143278 (the "State Court Action"). See Complaint, attached hereto as Ex. A.

2. The Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq*., and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. Complaint, pp. 1–4. The Complaint was served on CBE on October 24, 2014.

**BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

3. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

4. Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

5. The Telephone Consumer Protection Act, a federal statute, was enacted by Congress, *inter alia*, to protect private citizens from interstate telemarketers who had previously escaped state law prohibitions on intrusive nuisance calls. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 181 L. Ed. 2d 881 (U.S. 2012).

6. In *Mims*, the United States Supreme Court ruled that federal question jurisdiction exists over TCPA claims. *Mims*, 132 S. Ct. at 747 ("We now hold that Congress did not deprive federal courts of federal question jurisdiction over private TCPA suits."); *accord Gomez v. Campbell-Ewald Co*., 2013 U.S. Dist. LEXIS 34346 at *6 (C.D. Cal. Feb. 22, 2013).

7. The Fair Debt Collection Practices Act, also a federal statute, was enacted by Congress to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists. *Baker v. G. C. Services Corp*., 677 F.2d 775, 777 (9th Cir. 1982).

8. In *Stewart v. Dollar Loan Ctr., LLC*., 2013 U.S. Dist. LEXIS 71157, 3-4, 2013 WL 2233029 (D. Nev. May 17, 2013), the plaintiff alleged violations of the Fair Debt Collection Practices Act. The court held that removal was proper because the plaintiff had alleged a federal cause of action over which the court had original, federal question jurisdiction. (*Ibid.*)

9. This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Complaint alleges that CBE called and harassed Plaintiff on her cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. §227(b)(1)(A)(iii) and 15 U.S.C. § 1692(d). *See* Complaint,

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

¶¶ 11(e), 12. The Complaint also alleges that CBE is a "debt collector" as defined by the FDCPA. *See* Complaint, ¶ 3.

10. Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by CBE pursuant to 28 U.S.C. § 1441(b).

11. The Complaint also alleges state law claims against CBE, namely, that CBE violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788. *See* Complaint, ¶¶ 11(a), 11(d), 15. These allegations are based on the same set of operative facts that form the basis of Plaintiff's federal TCPA and FDCPA claims, and this Court has supplemental jurisdiction over the state claims asserted in the Complaint pursuant to 28 U.S.C. § 1441(c).

**TIMELINESS OF REMOVAL**

12. As noted above, the Complaint was served on CBE on October 24, 2014. CBE's Notice of Removal is timely because CBE filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**VENUE**

13. Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of Solano, which is located within the United States District Court for the Eastern District of California.

**COMPLIANCE WITH REMOVAL PROCEDURES**

14. CBE has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the Notice of Removal is filed within 30 days of the service of the pleading from which it may first be ascertained that the case is one which is or has become removable.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

15. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

16. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Superior Court of the State of California for the County of Solano, in Case No. FCM143278.

17. Copies of all process, pleadings and orders served on CBE are attached hereto. *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

WHEREFORE, for the foregoing reasons, CBE removes this action from the Superior Court of the State of California for the County of Solano to the United States District Court for the Eastern District of California and respectfully requests that this Court exercise jurisdiction over this action.

Dated: November 20, 2014

GORDON & REES LLP

By: *s/ Sean P. Flynn*
Sean P. Flynn
Attorneys for Defendant
THE CBE GROUP, INC.

# EXHIBIT A



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

## CIVIL DIVISION

| Hall of Justice | Old Solano Courthouse | Solano Justice Center |
|---|---|---|
| 600 Union Avenue | 580 Texas Street | 321 Tuolumne Street |
| Fairfield, CA 94533 | Fairfield, CA 94533 | Vallejo, CA 94590 |
| (707) 207-7330 | (707) 207-7330 | (707) 561-7830 |

Plaintiff(s): JEANNIE MATTHEWS

Defendant(s): THE CBE GROUP, INC

Case No. FCM143278

**NOTICE OF CASE MANAGEMENT CONFERENCE ONE AND NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

**PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:**

**Date:** 2/3/2015 **Time:** 9:30 a.m.

**THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:**

Judge Harry S. Kinnicutt

**ALL HEARINGS WILL BE HELD AT:** 600 Union Avenue, Fairfield, CA 94533

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

(1) Service of the complaint must be within sixty (60) calendar days of the date of filing.

(2) Service and filing of responsive pleading must be within thirty (30) days after service of the complaint. The time for filing responsive pleading may not be extended except as authorized by Government Code section 68616. ***Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.***

(3) Plaintiff shall serve a copy of this *Notice of Case Management Conference One* on all defendants with the complaint.

(4) Any party serving a cross-complaint shall serve a copy of this *Notice of Case Management Conference One* on each cross-defendant with the cross-complaint.

(5) Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.

(6) A *Case Management Statement* shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

(7) At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.

(8) At *Case* Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the *Case Management Statement* for Case Management Conference Two.

(9) Each counsel shall complete, file, and serve on all parties a completed *Case Management Statement* by the 15th calendar day before the date set for Case Management Conference Two.

(10) At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

(11) The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a *Case Management Statement* is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

**COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION.**

**AFFIDAVIT OF SERVICE**

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☐ I personally served the person named below on (*date*): ______________________ at (*time*) ______________.

Name: ______________________________

☐ Party ☐ Attorney of Record ☐ Representative

I, ______________________, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*

Date: ______________ ______________________
Signature

☐ I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See attached for additional service addresses

Date:

Clerk of the Court
Superior Court of California, County of Solano

By: D. Cimmino
Deputy Clerk

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
THE CBE GROUP, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JEANNIE MATTHEWS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Solano County
600 Union Avenue
Fairfield, CA 94533

CASE NUMBER: *(Número del Caso):* FCM143218

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: *(Fecha)* OCT 07 2014    Clerk, by *(Secretario)* D. Cimmino, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: The CBE Group, Inc.

   under: [X] CCP 416.10 (corporation)
   [ ] CCP 416.20 (defunct corporation)
   [ ] CCP 416.40 (association or partnership)
   [ ] other *(specify)*:
   [ ] CCP 416.60 (minor)
   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.90 (authorized person)
4. [ ] by personal delivery on *(date)*:

ASSIGNED TO JUDGE HARRY S. KINNICUTT FOR ALL PURPOSES

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
TELEPHONE NO.: 877-206-4741 FAX NO.: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, Jeannie Matthews

FOR COURT USE ONLY

ENDORSED FILED
Clerk of the Superior Court
OCT 0 7 2014
By D. Cimmino
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 600 Union Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield, 94533
BRANCH NAME:

CASE NAME:
Jeannie Matthews v. The CBE Group, Inc.

# CIVIL CASE COVER SHEET

☐ Unlimited (Amount demanded exceeds $25,000)
☑ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: FCM143278
JUDGE: HARRY S. KINNICUTT
DEPT: 3

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 9, 2014
Todd M. Friedman
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

**Todd M. Friedman (216752)**
**Suren N. Weerasuriya (278512)**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Dr. #725**
**Beverly Hills, CA 90212**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**sweerasuriya@attorneysforconsumers.com**
**Attorneys for Plaintiff**

ENDORSED FILED
Clerk of the Superior Court
OCT 07 2014
D. Cimmino
By ______ DEPUTY CLERK

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SOLANO**
**LIMITED JURISDICTION**

**JEANNIE MATTHEWS,**

Plaintiff,

vs.

**THE CBE GROUP, INC.,**

Defendant.

Case No. FCM143218

**COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, AND TELEPHONE CONSUMER PROTECTION ACT**

**(Amount not to exceed $25,000)**

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act
3. Violation of Telephone Consumer Protection Act

ASSIGNED TO JUDGE ______ FOR ALL PURPOSES

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims

for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2.      Plaintiff, JEANNIE MATTHEWS ("Plaintiff"), is a natural person residing in Solano County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.      At all relevant times herein, Defendant, THE CBE GROUP, INC. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.      On or about November, 2013, Defendant began calling Plaintiff regarding an alleged debt. Defendant called Plaintiff on her cell phone from various numbers, including, but not limited to 319-242-7353 from 913-279-0780 and 515-954-7698. Plaintiff did not provide her consent to Defendant to receive such calls. Defendant often called Plaintiff multiple times in one day.

6. Defendant also called Plaintiff's ex-husband on multiple occasions regarding Plaintiff's alleged debt. Defendant was in possession of Plaintiff's contact information and had no reason to call Plaintiff's ex-husband

7. On March 13, 204, Plaintiff's counsel sent a written notice of representation and request for validation of the debt to Defendant. Defendant has failed to respond to that letter at this time.

8. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

9. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

10. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1).*

11. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

f) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));

g) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));

h) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b)); and

i) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b)).

12. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

13. As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;

B. Statutory damages for willful and negligent violations;

C. Costs and reasonable attorney's fees,

D. For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;

B. Statutory damages;

C. Costs and reasonable attorney's fees; and,

D. For such other and further relief as may be just and proper.

**COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT**

17. Plaintiff incorporates by reference all of the preceding paragraphs.

18. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

19. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*,

Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

21. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

22. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

C. Any and all other relief that the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 9th day of August, 2014.

By: ______________________

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I the undersigned, certify and declare that I am over the age of 18 years, and am an employee of Gordon & Rees LLP, 2211 Michelson Drive, Suite 400, Irvine, California 92612.

On **November 21, 2014** and pursuant to FRCP 5(b), I served a true and correct of the foregoing

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)**

on the parties below by first class, postage pre-paid mail, in Irvine, California addressed as follows to:

| | |
|---|---|
| Todd M. Friedman (216752)<br>Suren N. Weerasuriya (278512)<br>**Law Offices of Todd M. Friedman, P.C.**<br>324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212<br>Phone: (877) 206-4741<br>Fax: (866) 633-0228<br>tfriedman@attorneysforconsumers.com<br>sweerasuriya@attorneysforconsumers.com | *Attorney for Plaintiff, Jeannie Matthews* |

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, at whose direction the service stated above was made, and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 21, 2014, at Irvine, California.

Leslie M. Handy

1100690/21458765v.1